Dear Lt. Martin:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for resolution. We restate and respond to your questions in the order presented in your correspondence.
 (1) Does LSA-R.S. 40:2531, entitled Rights of Law Enforcement Officers, apply under all circumstances to a police officer?
 (2) What is the legal definition of "law enforcement officers" as used in LSA-R.S. 40:2531? Would this include civil service jailers, radio operators and clerks?
 (3) What is the legal definition of "investigation" as used in LSA-R.S. 40:2531?
 (4) What is the legal definition of "possible disciplinary action" as used in LSA-R.S. 40:2531?
 (5) If LSA-R.S. 40:2531 applies to any disciplinary action toward any officer, will it be incumbent on the Monroe Police Department to follow the six (6) mandated standards at all times?
At the outset, we quote LSA-R.S. 40:2531 in its entirety.
 A. The provisions of this Chapter shall only apply to those law enforcement officers employed by any municipality and campus police employed at any state-supported college or university who are under investigation with a view to possible disciplinary action, demotion, or dismissal. (Emphasis Added).
 B. Whenever a law enforcement officer is under investigation, the following minimum standards shall apply:
 (1) The law enforcement officer being investigated shall be informed, at the commencement of interrogation, of the nature of the investigation and the identity and authority of the person conducting such investigation, and at the commencement of any interrogation, such officer shall be informed as to the identity of all persons present during such interrogation. The law enforcement officer shall be allowed to make notes.
 (2) Any interrogation of a law enforcement officer in connection with an investigation shall be for a reasonable period of time, and shall allow for reasonable periods for the rest and personal necessities of such law enforcement officer.
 (3) All interrogations of any law enforcement officer in connection with the investigation shall be recorded in full. The law enforcement officer shall not be prohibited from obtaining a copy of the recording or transcript of the recording of his statements upon his written request.
 (4) The law enforcement officer shall be entitled to the presence of his counsel or representative, or both, at the interrogation in connection with the investigation.
 (5) No statement made by the officer during the course of an administrative investigation shall be admissible in a criminal proceeding.
 (6) The counsel called by the law enforcement officer under investigation may call witnesses to testify on his behalf.
QUESTIONS (1) and (2)
The statute in question, LSA-R.S. 40:2531 provides no guidance as to the definitions you seek. However, it has been the past conclusion of this office that an individual's identity as a "law enforcement officer" is determined from that person's function and authority.
Because the term "law enforcement officer" is not defined in LSA-R.S. 40:2531, we must look to other revised statutes in order to create a definition appropriate to this statute. LSA-R.S. 40:2401, et. seq., establishes the Peace Officer Standards and Training Law. In its definitional section, LSA-R.S. 40:2402(1)(a), the term "peace officer" is defined as follows:
As used in this Chapter:
 (1)(a) "Peace officer" means any full-time employee of the state, a municipality, a sheriff, or other public agency, whose permanent duties actually include the making of arrests, the performing of searches and seizures, or the execution of criminal warrants, and is responsible for the prevention or detection of crime or for the enforcement of the penal, traffic, or highway laws of this state . . .
It is our opinion that although this definition gives some guidance, the definition does not fit precisely as applied to LSA-R.S. 40:2531 because the definition in LSA-R.S. 40:2402
includes "state policemen" and "full-time employees of the state," whereas LSA-R.S. 40:2531 is specifically limited to law enforcement officers "employed by any municipality". It is suggested that legislative amendment to LSA-R.S. 40:2531
specifically defining "law enforcement officer" is necessary to cure any ambiguity in this regard.
For the purpose of responding to your inquiries, we note city police officers are "law enforcement officers" within the meaning of the statute. More problematic is whether civil service jailers, radio operators, and clerks fall within the ambit of the statute. Because a jailer's duties include the care, custody, and control of inmates, it is has been our past opinion that a jailer falls within the term "law enforcement officer employed by any municipality." We continue to adhere to this conclusion. See Attorney General Opinion Number 90-601 and 91-557, enclosed.
However, we are of the opinion that radio operators and clerks would not fall within the ambit of the definition of "law enforcement officer", unless these individuals have similar authority to make arrests, issue criminal warrants, effectuate seizures, etc. Finally, LSA-R.S. 40:2531 applies only to "law enforcement officers" who are under "investigation" as defined below.
QUESTION (3)
LSA-R.S. 40:2531 does not specifically provide for a definition of "investigation." However, Black's Law Dictionary defines the term as the process of inquiring into or tracking down through inquiry. Black's further defines the term "investigate" as follows:
 "To follow up step by step by patient inquiry or observation. To trace or track; to search into; to examine and inquire into with care and accuracy; to find out by careful inquisition; examination; the taking of evidence; a legal inquiry."
From this definition, it is our opinion that if the investigation requires a close study or systematic inquiry into a situation, the protection afforded an officer under LSA-R.S.40:2531 apply. Moreover, one must not overlook the express language of the statute. The term "investigation" is modified by the phrase "with a view to possible disciplinary action, demotion, or dismissal." Therefore, if any of the three results are possible, then the officer is afforded the protection of LSA-R.S. 40:2531.
QUESTION (4)
The term "possible disciplinary action" should be construed broadly so that the purpose of protecting officers under investigation is made effective to the fullest extent possible under the language of LSA-R.S. 40:2531. Because "disciplinary action" is used in the same phrase as "demotion" and "dismissal," it is our opinion that any action taken by formal investigating authorities, such as the municipal international affairs department, which could possibly affect the job status of the officer requires that the minimum standards of LSA-R.S.40:2531 apply.
QUESTION (5)
The statute will apply, and thus mandate applying all six standards of LSA-R.S. 40:2531, whenever any law enforcement officer is under investigation, the result of which is possible disciplinary action, demotion, or dismissal. It is significant to point out that the statute refers to the officer who is "under investigation," requiring that the officer be the subject of the investigation, consequences punishable by demotion, dismissal or disciplinary action.
Please note the opinions of this office are not binding, but are persuasive authority only. Finally, we enclose copies of previous Attorney General Opinion Numbers 90-601 and 91-557, which may prove of interest to you.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0240E